EARL R. MYERS, Claimant and Respondent, v. 4 B'S
RESTAURANT, INC., Employer, and GLACIER GENERAL
ASSURANCE COMPANY, Defendant and Appellant.

No. 13501.
Submitted March 2, 1977.
Decided March 18, 1977.
Rehearing Denied April 5, 1977.
561 P.2d 1331.

160

Berg, Angel, Andriolo & Morgan, Richard J. Andriolo (argued), Bozeman, for appellant.

Bennett & Bennett, Lyman H. Bennett, Jr. (argued), Lyman H. Bennett, III (argued), Bozeman, for respondent.

MR. JUSTICE HASWELL delivered the opinion of the Court.

Employer's Plan II insurer appeals from a Workers' Compensation Court award to claimant of permanent total disability benefits, costs and attorney's fees.

During the pendency of this appeal, claimant died on December 14, 1976. It is conceded that appellant insurer paid claimant all benefits to which he was entitled up to the time of his death. As compensation benefits terminated upon claimant's death (section 92-608, R.C.M.1947), appellant's first three issues on appeal relating to the duration and maximum amount of compensation payable are no longer relevant.

The only remaining issue is whether the award of attorney's fees is permissible in this case.

The controlling statute at the time of claimant's accident, section 92-616, R.C.M.1947, provided:

"*Costs and attorneys' fees payable on denial of claim later found compensable.* In the event the insurer denies the claim for compensation or terminates compensation benefits, and the claim is later adjudged compensable, by the division or on appeal, the insurer shall pay reasonable costs and attorneys' fees as established by the division. However, under rules adopted by the division and in the discretion of the division, an insurer may suspend compensation payments for not more than thirty (30) days pending the receipt of medical information."

Insurer argues that attorney's fees are not allowable because they never denied compensability of the claim but only contended that claimant was entitled to permanent partial disability benefits rather than permanent total disability benefits. Additionally the insurer contends that claimant is not entitled to attorney's fees because of his neglect to furnish medical information on request.

Claimant, on the other hand, states that the compensability of the claim was at issue because of insurer's refusal to pay permanent total disability benefits which were subsequently adjudicated payable by the Workers' Compensation Court. Claimant further contends that he did not refuse or neglect to provide medical information available to him or his attorney and that under such circumstances the furnishing of medical information is not a condition precedent to an award of attorney's fees.

In our view, the record supports a denial by insurer to pay the claim for compensation within the meaning of section 92-616, R.C.M.1947. Insurer denied the claim for total disability benefits of claimant. The Workers' Compensation Court subsequently adjudicated such benefits payable. As the purpose of the statute is to grant claimant a net recovery of compensation benefits to which he is entitled under the Act, a partial denial of benefits later adjudged payable is within the purview of section 92-616 authorizing an award of attorney's fees. If the statute were otherwise construed to apply only to total denial of compensation benefits, its purpose and objective of affording a net recovery would be defeated.

Nor does the statute require medical information not then possessed by claimant to be furnished insurer as a condition precedent to recovery of attorney's fees. The statute is completely silent concerning any such requirement. In construing a statute, the duty of the Court is simply to ascertain and declare what in terms or in substance is contained therein and not to insert what has been omitted. Section 93-401-15, R.C.M.1947; *Dunphy v. Anaconda Co.*, 151 Mont. 76, 438 P.2d 660, and

cases cited therein. If insurer requires further medical documentation before honoring claimant's claim for compensation, the burden and expense thereof is its obligation if it seeks to avoid the risk of payment of attorney's fees should the claim later be adjudged compensable. We do not excuse claimant from furnishing insurer on request such medical information as he possesses or making himself available for medical examination at the insurer's request, but such are not the facts of this case.

The record here contains substantial evidence supporting the adjudication of the Workers' Compensation Court. We affirm its findings of fact, conclusions of law and order denying rehearing. See *Skukrud v. Gallatin Laundry Co., Inc.*, 171 Mont. 217, 557 P.2d 278. We remand to the Workers' Compensation Court for determination of reasonable costs and attorney fees on appeal "as established by the division." Section 92-616, R.C.M. 1947.

MR. CHIEF JUSTICE HATFIELD and JUSTICES DALY, HARRISON and SHEA concur.