HARVEY M. SMITH, Claimant and Respondent v. PIERCE PACKING COMPANY, Employer and Pacific Insurance Company, Defendant and Appellant.

Submitted on Briefs May 10, 1978.
Decided July 12, 1978.
581 P.2d 834.

Pedersen, Herndon & Harper, Billings, for defendant and appellant.

Keefer & Roybal, Billings for claimant and respondent.

MR. JUSTICE HARRISON delivered the opinion of the Court.

This is an appeal by the insurance carrier from the findings and conclusions of the Workers' Compensation Court, dated September 29, 1977, awarding claimant further compensation for a temporary total disability, attorney fees, and the statutory 10 percent penalty for the carrier's unreasonable termination of benefits.

We note this case was classified as a Class No. 2 case and decided without oral argument.

Claimant was injured on February 4, 1974, while in the course of his employment with Pierce Packing Company of Billings, Montana, when a 300 pound pig carcass fell on his leg, causing a severe tibial plateau fracture in his right knee.

Surgery was performed twice on claimant's knee. The treating orthopedist's medical records indicate claimant's use of his knee joint was severely compromised, such that he could not return to his former employment. A more sedentary life was recommended. Claimant received temporary total disability payments during this period.

Claimant sought other employment through· vocational rehabilitation, as well as state and private employment agencies. However, no positions were located or offered. Claimant is currently 63 years of age, married, and without other dependents. He has an eighth grade education, and had worked for Pierce Packing for 32 years prior to his accident.

Following an examination of February 17, 1976, Dr. sterling R. Hayward, the treating orthopedist, reported to the carrier that claimant had shown some improvement, but in addition recommended:

"* * * that he not return to his former occupation, where he was required to be on his legs for long periods of time.

The patient obviously has early degenerative traumatic arthritic changes in his knee, which are bound to get worse with time. * * *"

By letter dated January 14, 1977, the carrier informed claimant and his attorney that his compensation payments would be terminated in 15 days and that a settlement offer, based on the impairment rating, would be forthcoming. The payments ceased, and an offer of $1,800, pursuant to the schedule of section 92-709, R.C.M.1947, was made. Claimant thereupon moved for an emergency hearing to obtain continued compensation and obtained an order of the Workers' Compensation Court, as stipulated by the parties, that he receive further temporary total disability payments, retroactive to the date of termination, pending the outcome of the matter. Following a hearing, the Workers' Compensation Court made findings of fact and conclusions of law on September 29, 1977. After the denial of its motion for rehearing, insurer appeals.

Three issues are raised on appeal:

1. Whether there is substantial evidence to support the findings of the Workers Compensation Court that claimant is entitled to further temporary total disability benefits pursuant to section 92-701.1, R.C.M.1947.

2. Whether an award of attorney fees was proper.

3. Whether the finding of the Workers' Compensation Court that a statutory penalty should be imposed for unreasonable termination of benefits is supported by substantial evidence.

Appellant first disputes the finding of the Workers' Compensation Court that claimant continues to suffer a "temporary total disability" within the meaning of section 92-439, R.C.M.1947. This section provides:

"'Temporary total disability' means a condition resulting from an injury defined in this act that results in total loss of wages and exists until the injured workman is as far restored as the permanent character of the injuries will permit."

Appellant argues the bulk of credible evidence, medical or otherwise, supports a finding that claimant has attained maximum healing. Appellant thus maintains that claimant's continued disability is more appropriately classified as a "permanent total disability" defined by section 92-411, R.C.M.1947:

"'Permanent total disability' means a condition resulting from injury as defined in this act that results in the loss of actual earnings or earning capability that exists after the injured workman is as far restored as the permanent character of the injuries will permit and which results in the workman having no reasonable prospect of finding regular employment of any kind in the normal labor market."

Claimant contends his disability is consistent with a finding of either temporary or permanent total disability. He argues that totality of evidence shows that while claimant has no reasonable prospect of finding regular employment of any kind in the normal labor market, likewise, his medical conditions has not yet run its course, as the traumatic arthritis in his knee will most certainly

worsen, and there exists a definite possibility that a knee fusion will be required at a further date.

In a report to claimant's attorney dated March 7, 1977, Dr. Hayward stated:

"* * * He does have some traumatic arthritis in his knee and, as you know, this may become worse with time. However, the exact course is unpredictable. As far as his future is concerned, this patient may become a candidate for a total knee arthroplasty someday in the future. * * *"

This evidence, together with the testimony of claimant regarding the present symptoms of his injury, supports the finding of the Workers' Compensation Court that claimant continues to suffer temporary total disability.

◼ In reviewing the findings and conclusions of the Workers' Compensation Court, it is this Court's function to determine whether there is substantial evidence to support such findings and conclusions. As stated in *Bond v. St. Regis Paper Co.*, (1977), 174 Mont. 417, 571 P.2d 372:

"The function of this Court is to determine whether there is substantial evidence to support the findings and conclusions of the Workers' Compensation Court. *Flansburg v. Pack River Co.*, 172 Mont. 163, 561 P.2d 1329, (1977); *Kimball v. Continental Oil Co.*, 170 Mont. 86, 550 P.2d 912, (1976). This Court will not substitute its judgment for that of the trial court as to the weight of the evidence on questions of fact. *Brurud v. Judge Moving & Storage Co., Inc., Employer and Transporation Insurance Co.*, 172 Mont. 249, 563 P.2d 558, (1977). Where there is substantial evidence to support the findings of the Workers' Compensation Court, this Court will not overturn the decision. *Skrukrud v. Gallatin Laundry Co., Inc.*, 171 Mont. 217, 557 P.2d 278, (1976)." 571 P.2d 373.

◼ Here, it appears there is sufficient evidence upon which to base the finding that claimant had not yet been "restored as far as the permanent character of his injuries will permit", thus supporting the conclusion that claimant continues to suffer temporary total disability.

■ ▪ Claimant argues it makes no difference whether his disability is classed as temporary or permanent total disability, as the compensation rates therefor are identical. We agree.

■ The Workers' Compensation Court concluded that claimant is entitled to recover attorney fees from appellant, pursuant to section 92-616, R.C.M.1947, which provides:

"In the event the insurer denies the claim for compensation or terminates compensation benefits, and the claim is later adjudged compensable, by the division or on appeal, the insurer shall pay reasonable costs and attorneys' fees as established by the division. However, under rules adopted by the division and in the discretion of the division, and insurer may suspend compensation payments for not more than (30) days pending the receipt of medical information."

In this regard, appellant first argues that it had the right to suspend compensation for thirty days under the language of section 92-616. Because claimant petitioned for an emergency hearing prior to the expiration of the thirty day period, he is estopped to assert wrongful termination of benefits. Further, it is argued that the termination was in effect "cured" by appellant's resumption of payments, by order of the court, retroactive to the date of termination of benefits.

Appellant also contends that an award of attorney fees is improper in this case for the reason that no evidence of such fees was adduced before the Workers' Compensation Court, citing the general rule in *Crncevich v. Georgetown Recreation Corp.*, (1974, 168 Mont. 113, 541 P.2d 56.

Claimant relies on the recent case of *Myers v. 4 B's Restaurant, Inc.*, (1977), 172 Mont. 159, 561 P.2d 1331, in contraposition to appellant's first argument. In *Myers* this Court stated:

"Insurer argues that attorney's fees are not allowable because they never denied compensability of the claim but only contended that claimant was entitled to permanent partial disability benefits rather than permanent total disability benefits. Additionally the insurer contends that claimant is not entitled to attorney's fees because of his neglect to furnish medical information on request.

"Claimant, on the other hand, states that the compensability of the claim was at issue because of insurer's refusal to pay permanent total disability benefits which were subsequently adjudicated payable by the Workers' Compensation Court. Claimant further contends that he did not refuse or neglect to provide medical information available to him or his attorney and that under such circumstances the furnishing of medical information is not a condition precedent to an award of attorney's fees.

"In our view, the record supports a denial by insurer to pay the claim for compensation within the meaning of section 92-616, R.C.M.1947. Insurer denied the claim for total disability benefits of claimant. The Workers' Compensation Court subsequently adjudicated such benefits payable. As the purpose of the statute is to grant claimant a net recovery of compensation benefits to which he is entitled under the Act, a partial denial of benefits later adjudged payable is within the purview of section 92-616 authorizing an award of attorney's fees. If the statute were otherwise construed to apply only to total denial of compensation benefits, its purpose and objective of affording a net recovery would be defeated." 561 P.2d 1332, 1333.

See also, *Schumacher v. Empire Steel Mfg. Co.*, (1977), 175 Mont. 411, 574 P.2d 987.

■ Claimant further disputes appellant's contention that an insurer may, at any time, suspend compensation for thirty days to obtain medical testimony. The regulations referred to in section 92-616 sanctioning such a suspension clearly apply only to cases where the insurer is having difficulty receiving medical information concerning a claimant's condition, the insurer submits to the division a written indication thereof, the suspension is approved by the division, and the claimant is notified in writing of the suspension and the reason therefor. M.A.C. § 24-3.18(38)-S18210.

■ Further, claimant argues that no evidence per se of attorney fees need be presented in a workers' conpensation case, as the procedure entails submission of a verified petition to the division, setting forth the number of hours spent and services performed. The

division administrator then reviews the petition and sets a "reasonable fee". We concur.

■ Appellant last disputes the finding of the Workers' Compensation Court that its actions constituted an "unreasonable delay or refusal" to make compensation payments, thus entitling claimant to a 10 percent increase in award pursuant to section 92-849, R.C.M.1947. It is argued that, by its language, section 92-849 applies to "delays" and "refusals" rather than "terminations" and that, in any event, the benefits in this case were properly terminated.

■ Whether appellant's termination was "unreasonable" appears to be a question of fact subject, upon appeal, to the limited review heretofore noted, i.e. the "substantial evidence" test. Appellant's argument in this regard appears to be one of mere semantics.

The case is affirmed, primarily upon the basis of the "substantial evidence" test. The argument concerning attorney fees appears meritless, in the light of *Myers* and *Schumacher*.

Given the nature and extent of claimant's injuries and their effect upon his ability to work, this Court, upon a review of the record, affirms the judgment of the Workers' Compensation Court.

MR. CHIEF JUSTICE HASWELL and JUSTICES DALY, SHEA and SHEEHY concur.