No. 81-53

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

GENE WIGHT,

      Claimant and Respondent,

      -vs-

HUGHES LIVESTOCK CO., INC., Employer,

      and

MOUNTAIN WEST FARM BUREAU MUTUAL INSURANCE CO.,

      Defendant and Appellant.

Appeal from: Workers' Compensation Court, The Honorable William
E. Hunt, Judge presiding.

Counsel of Record:

      For Appellant:

            Robert L. Johnson, Lewistown, Montana

      For Respondent:

            R. V. Bottomly, Great Falls, Montana

Submitted on Briefs: July 2, 1981

Decided: OCT 7 1981

Filed: OCT 7 1981

_Thomas J. Kearney_
Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

This is an appeal by Mountain West Farm Bureau Mutual Insurance Company (Farm Bureau) from a judgment of the Workers' Compensation Court. The claimant, Gene Wight, was found to be totally and permanently disabled and was awarded compensation benefits, costs, and attorney fees. In addition, a 20% statutory penalty was assessed by the Workers' Compensation Court against Farm Bureau.

On February 15, 1977, while employed as a ranch hand for Hughes Livestock Company, Inc., Wight suffered compensable injuries as a result of an industrial accident. He was pinned between the steering wheel of the tractor he was driving and an uplifted front-end loader of another tractor. He was hospitalized eight days for his injuries. After his release from the hospital, he returned to the Hughes ranch and resumed his duties as a ranch hand.

Shortly after returning to the ranch, Wight submitted a timely claim for compensation to Farm Bureau. On the claim form he indicated that he had suffered injuries to his ribs and chest. Farm Bureau paid Wight's medical expenses and lost wages.

Wight made no further claim for benefits until 1979 at which time he claimed benefits for back injuries allegedly suffered as a result of the 1977 accident. Farm Bureau refused to pay compensation benefits and Wight filed a petition with the Workers' Compensation Court. A hearing was held and Wight was found to be totally and permanently disabled as a result of injuries sustained in the 1977 accident.

Farm Bureau raises five issues on appeal:

1.  Whether a timely notice of injuries was filed as is required by section 39-71-603, MCA.

2.  Whether there was substantial credible evidence to support a finding that claimant's pre-existing spinal disease was

aggravated or accelerated by the accident of February 15, 1977.

3. Whether the Workers' Compensation Judge abused his discretion in not allowing Farm Bureau to introduce in evidence the deposition testimony of Dr. James T. Lovitt.

4. Whether the Workers' Compensation Court erred in imposing a 20% penalty in this case.

5. Whether the Workers' Compensation Court erred in awarding attorney fees to the claimant.

In regard to the first issue, Farm Bureau contends that Wight failed to give timely notice of the back injuries he allegedly suffered as a result of the 1977 industrial accident, and that consequently the Workers' Compensation Court lacked jurisdiction to award him benefits.

It is uncontested that Wight filed a timely claim for compensation for injuries he received as a result of the 1977 accident. On the claim form, however, he indicated that the parts of his body which were injured were his ribs and his chest. He did not specifically indicate on that form that his back had been injured also.

Farm Bureau argues that Wight failed to give notice of the "nature of his injury", and therefore failed to meet the statutory notice requirement of section 39-71-603, MCA, which provides as follows:

> "No claim to recover benefits under the Workers' Compensation Act, for injuries not resulting in death, may be considered compensable unless, within 60 days after the occurrence of the accident which is claimed to have caused the injury, notice of the time and place where the accident occurred and the nature of the injury is given to the employer or the employer's insurer by the injured employee or someone on the employee's behalf. Actual knowledge of the accident and injury on the part of the employer or the employer's managing agent or superintendent in charge of the work upon which the injured employee was engaged at the time of the injury is equivalent to notice." (Emphasis added.)

It is Farm Bureau's position that notice of one specific injury is insufficient notice of another specific injury caused

by the same accident. It contends that notice of the chest and rib injuries was insufficient notice of any back injuries that Wight may have suffered as a result of the same accident. Farm Bureau argues that since Wight did not comply with the statutory notice provision, the Workers' Compensation Court lacked jurisdiction to make an award in this case.

We disagree. There is no requirement that an employee must give notice of each separate injury received in an industrial accident particularly where, as here, claimant was functionally illiterate, having terminated his schooling in the third grade. Wight was in compliance with the statutory notice requirement when he notified the insurer of his accident and the fact that he had been injured.

"The purpose of the notice requirement . . . is to enable the employer to protect himself by prompt investigation of the claimed accident and prompt treatment of the injury involved with a view toward minimizing its effects by proper medical care." Bender v. Roundup Mining Company (1960), 138 Mont. 306, 313, 356 P.2d 469, 473. The purpose underlying the requirement for early reporting of injuries was fulfilled in this case. The claim form submitted by Wight provided the insurer with all of the information it needed to enable it to investigate the accident and determine the extent of Wight's injuries.

We agree with the following statement made by the Supreme Judicial Court of Maine:

> "[I]t is necessary to remember that when an accident has occurred, the employee who makes his report of what seems to be a relatively minor injury usually does so without guidance of counsel. In complete good faith, through lack of education or sophistication, he may describe his 'injury' in less than full detail, not recognizing that his description may later become crucial for obtaining benefits under the Act. . . . Employees who are injured in accidents may not specify every resulting pain or discomfort they may suffer at the time of reporting, having a reasonable expectation that most of those pains and discomforts will soon disappear. Furthermore, an employee who has

given in good faith an adequate report of the
time, place, cause, and obviously injurious con-
sequences of an accident may not recognize the
need to supplement his initial report at a later
date if a condition thought unimportant at the
time of reporting eventually proves to be
serious." Clark v. DeCoster Egg Farms (Me.
1980), 421 A.2d 939, 942-943.

We hold that Wight did comply with the statutory notice
requirement of section 39-71-603, MCA, and that the Workers'
Compensation Court did have jurisdiction to award the claimant
benefits.

The second issue for review is the sufficiency of the evi-
dence to support a finding that claimant's pre-existing spinal
disease was aggravated or accelerated by his accident of February
15, 1977. We note that the Workers' Compensation Court did not
specifically and expressly make such a finding. However, such
finding is necessarily implied by the Court's finding that
claimant was totally and permanently disabled as a result of com-
pensable injuries he received in his accident of February 15,
1977, because the injuries received in that accident were his
only compensable injuries.

Claimant testified he received a back injury in that acci-
dent which has disabled him and he produced the shirt he was
wearing at the time of the accident showing that tines from the
front-end loader of the tractor had pierced and torn a hole in
it. In addition, the nurse's notes and hospital charts indicated
that claimant had complained about his back condition during his
hospitalization following the accident. Although Dr. Lefever,
claimant's attending physician, deposed that nothing in the
course of his treatment of claimant revealed the possibility of
an injury to the lumbar spine nor was there any suggestion of an
aggravation of claimant's spinal abnormality and Dr. Avery
deposed that the progression of claimant's spinal disease had
nothing to do with the 1977 accident, these statements simply
produced a conflict in the evidence. We have previously held:

"If the Workers' Compensation Court's findings

- 5 -

> are based on conflicting evidence . . . this
> Court's function on review is confined to deter-
> mining whether there is substantial evidence on
> the whole record supporting such findings."
> Harmon v. Deaconess Hospital (1981), ___Mont.
> ____, 623 P.2d 1372, 1374, 38 St.Rep. 65, 67-68,
> and cases cited therein.

Such is the case here. We hold that the foregoing evidence supports the finding of the Workers' Compensation Court.

The next issue is whether the Workers' Compensation Court abused its discretion in refusing to allow Farm Bureau to introduce in evidence the deposition testimony of Dr. James T. Lovitt. Dr. Lovitt was not listed as a witness in the pretrial order and no notice was given until several months after the hearing that Farm Bureau desired to depose him. Dr. Lovitt had never seen claimant nor examined him. The Workers' Compensation Judge has broad discretion in determining whether to allow such deposition to be taken particularly where, as here, the request is untimely and in violation of Rule 2.52.211 of the Workers' Compensation Court.

The fourth issue is whether the Workers' Compensation Court erred in imposing statutory penalties in this case. The Workers' Compensation Court is empowered to increase an award by 20% if the requirements of section 39-71-2907, MCA, are met. Section 39-71-2907, MCA, provides:

> "When payment of compensation has been unreaso-
> nably delayed or refused by an insurer, either
> prior or subsequent to the issuance of an order
> by the workers' compensation judge granting a
> claimant compensation benefits, the full amount
> of the compensation benefits due a claimant, be-
> tween the time compensation benefits were delayed
> or refused and the date of the order granting a
> claimant compensation benefits, may be increased
> by the workers' compensation judge by 20%. The
> question of unreasonable delay or refusal shall
> be determined by the workers' compensation
> judge, and such a finding constitutes good cause
> to rescind, alter, or amend any order, decision,
> or award previously made in the cause for the
> purpose of making the increase provided herein."
> (Emphasis added.)

Whether an action is "unreasonable" under this statute is a question of fact which is subject on appeal to the limited

review of the substantial evidence test. Smith v. Pierce Packing Co. (1978), 177 Mont. 267, 581 P.2d 834. If there is substantial evidence to support a finding of "unreasonableness", this Court cannot overturn the finding.

After carefully reviewing the entire record in this case, we fail to find substantial evidence to support the finding of the Workers' Compensation Court that Farm Bureau unreasonably delayed or refused compensation benefits. When the 1977 claim for compensation was submitted, Farm Bureau promptly paid claimant's medical expenses and lost wages. Farm Bureau discontinued payments when claimant returned to work.

Nothing further occurred until 1979 when claimant contended for the first time that he had become permanently and totally disabled as a result of the 1977 accident. Farm Bureau refused to honor this claim contending that claimant's disability did not result from the 1977 accident and went to hearing on the issue. There was a bona fide controversy over any causal connection between the 1977 accident and claimant's present disability. Dr. Lefever, claimant's attending physician, found nothing in his course of treatment of claimant that revealed a possibility of an injury to claimant's lumbar spine in the 1977 accident nor any suggestion of an aggravation of claimant's spinal abnormality as a result of that accident. Dr. Avery stated that the progression of claimant's spinal disease had nothing to do with the 1977 accident although the accident did make claimant's spinal condition clinically identifiable. Farm Bureau should not be subjected to the statutory 20% penalty for unreasonably refusing or delaying payment of benefits until the factual dispute was resolved. This finding and award must be set aside.

The last issue raised by Farm Bureau is whether the award of attorney fees was proper in this case. The Workers' Compensation Court concluded that the claimant was entitled to recover attorney fees from Farm Bureau pursuant to section

39-71-611, MCA, which provides:

> "In the event an insurer denies liability for a claim for compensation or terminates compensation benefits and the claim is later adjudged compensable by the workers' compensation judge or on appeal, the insurer shall pay reasonable costs and attorneys' fees as established by the workers' compensation judge."

In this case Farm Bureau did deny liability for a claim for compensation benefits which was later adjudged compensable; therefore, the award of attorney fees was proper.

The Workers' Compensation Court's judgment is modified to exclude the award of the 20% increase in benefits. The judgment as modified is affirmed.

_____

Chief Justice

We concur:

_____
_____
_____
_____

Justices

- 8 -