No. 83-538

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

RUSSELL A. LAMB,

      Claimant and Respondent,

  -vs-

MISSOULA IMPORTS, INC., Employer,

  and

UNIVERSAL INSURANCE CO.,

      Defendant and Appellant.

APPEAL FROM: The Workers' Compensation Court, The Honorable Timothy Reardon, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Garlington, Lohn & Robinson; Robert E. Sheridan, Missoula, Montana

    For Respondent:

        Williams Law Firm; Susan Roy, Missoula, Montana

Submitted on Briefs: May 3, 1984

Decided: July 26, 1984

Filed:

Ethel M. Harrison

Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Appellants raise this appeal from the Workers' Compensation Court's findings, conclusions and ruling that respondent's epileptic seizures stemmed from an industrial accident and thereby were compensable.

Missoula Imports employed Russell Lamb as a janitor. On the evening of September 11, 1978, as Lamb was washing the floor, he slipped and fell striking his head on the floor. He claims he remembers little or nothing during the few hours following his fall. Lamb called his girlfriend and told her of the accident. His parents picked him up at the workplace and took him to the hospital emergency room for treatment. Dr. McMullin diagnosed him as having had a mild concussion and sent Lamb home with instructions to contact him if complications arose. Both of his parents observed him during the next several days. Mrs. Lamb testified as to the memory problems on respondent's part which extended to more than twenty-four hours after the accident. He kept asking the same question as to what had happened and had apparently been unable to remember the answers given to him in previous days.

In February, 1979, respondent went to Dr. Johnson (a neurologist). Dr. Johnson performed an electroencephalogram and determined respondent suffered from epilepsy. He prescribed medication to control the seizures. However, respondent continued to have occasional seizures.

On March 9, 1982, he suffered a seizure while driving his car on Brooks Street in Missoula, Montana. Witnesses reported that his car veered off to the right and hit a tree

in a local park. Respondent claims he remembers nothing of the accident or the events leading up to the accident and remained in an intensive care unit for a considerable length of time.

Respondent's mother testified that he had never had any indication of a prior epileptic seizure. She also testified that no one in the family had ever had any history of epileptic seizures.

Following the filing of the claim, the parties took depositions from three doctors regarding the cause of respondent's seizures. Even though Dr. Johnson concluded the industrial accident probably did not cause respondent's seizures, he did admit the risk factor of encountering seizures as the result of the type of head injury sustained by respondent was somewhere between one and three percent. Dr. Dewey (a neurosurgeon), after reviewing all of the medical data and related information, concluded the slip and fall probably caused the seizures. Dr. Bertrand (a rehabilitation expert for seizure and trauma patients) expressed her belief that the head injury incurred from the fall caused the seizures.

The Workers' Compensation Court, following a hearing, determined respondent's fall at Missoula Imports was the direct and proximate cause of the seizure disorder. Appellants raise their appeal from that order. We affirm.

Appellants raise one issue on appeal.

Did sufficient evidence exist to support the Workers' Compensation Court's findings that the industrial accident constituted the proximate cause of respondent's seizures?

Appellants assert insufficient probative credible

evidence exists to prove respondent's fall at Missoula Imports caused his seizures. They direct this Court to examine the medical evidence, and accord it the proper weight. They believe the evidence shows the respondent's industrial accident merely caused a mild concussion and failed to cause the seizures. We disagree.

We stated the standard for review for sufficiency of evidence in Little v. Structural Systems (1980), 614 P.2d 516, 37 St.Rep. 1187:

> "First of all, in examining the contentions by the parties to this appeal, it should be pointed out that this Court has consistently held the test of sufficiency of the evidence to be whether there is substantial evidence to support the court's findings of fact. See Stamatis v. Bechtel Power Co. (1979), Mont., 601 P.2d 403, 36 St.Rep. 1866; Head v. Larson (1979), Mont., 592 P.2d 507, 36 St.Rep. 571; Strandberg v. Reber Company (1978), Mont., 587 P.2d 18, 35 St.Rep. 1742; Jensen v. Zook Brothers Construction Company (1978), Mont., 582 P.2d 1191, 35 St.Rep. 1066. In Stamatis and Jensen, this Court further held that where the findings are based on conflicting evidence, this Court's function on review is confined to determining whether there is substantial evidence to support the findings and not to determine whether there is sufficient evidence to support contrary findings."

In Jones v. St. Regis Paper Co. (1981), 196 Mont. 138, 639 P.2d 1140, we said this Court may determine the proper weight of critical medical testimony entered through depositions:

> "Ordinarily, this Court will not substitute its judgment for that of the Workers' Compensation Court in determining the weight and credibility to be given testimony. The reason for this is that this Court defers to the lower court's assessment of the demeanor and credibility of witnesses. Rule 52(a), M.R.Civ.P. However, when the critical evidence, particularly medical evidence,

> is entered by deposition, we have held
> that 'this Court, although sitting in
> review, is in as good a position as the
> Workers' Compensation Court to judge the
> weight to be given to such record
> testimony, as distinguished from oral
> testimony, where the trial court actually
> observes the character and demeanor of
> the witness on the stand.'" Hert v. J.J.
> Newberry Co. (1978), 178 Mont. 355,
> 359-360, 584 P.2d 656, 659.

Appellants stress this Court should give Dr. Johnson's testimony the most weight because he is the most qualified expert witness. His testimony that it is unlikely the fall caused respondent's seizures proves appellant's contention that no connection exists between the industrial accident and the subsequent seizures. We reject this argument.

In careful examination of the deposition by the three medical experts, it is clear to this Court that medical science remains sufficiently undeveloped in the area of epilepsy and seizures to rely on any one witness's statements as dispositive. In Conway v. Blackfeet Indian Developers, Inc. (Mont. 1983), 669 P.2d 225, 40 St. Rep. 1427, we followed the rationale of Moffet v. Bozeman Canning Co. (1933), 95 Mont. 347, 26 P.2d 973. In both of those cases medical testimony failed to definitively state that the industrial accident caused the subsequent affliction. We stated:

> "'The record contains no direct evidence
> from which it can be said that the injury
> was the proximate cause of claimant's
> present condition; this, not because of
> failure on the part of claimant properly
> to present his case, but because, on the
> frank admission of the doctors, no man on
> earth knows positively the exact cause of
> such an affliction in any given case;
> medical science has not advanced to a
> point where it can positively trace back
> from the effect and declare the cause of
> the disease in a given patient, but this
> fact alone need not bar the claimant from

recovery, if, on the record, it can be said that he is entitled thereto.'" 669 P.2d at 228.

A review of the medical experts' depositions reveals that none of the doctors deposed respondent at the time of the industrial accident. Dr. Johnson assumed respondent merely suffered a mild concussion which most likely would not cause the seizures. However, that type of testimony must be compared to the testimony of the other physicians who considered the memory lapses demonstrated by the respondent and his epileptic seizures which have followed. Dr. Dewey stated he believed the accident a much more severe trauma and that be believed the accident at Missoula Imports was the probable cause of the epilepsy. Dr. Bertrand believed the accident caused the seizures. These experts all appeared sufficiently qualified to render their opinion in this matter. When these two physicians considered all the facts of the case they concluded there was a significant probability the epileptic seizures were the result of the industrial accident. Based on this evidence, we can only conclude that substantial medical evidence exists to support the Workers' Compensation Court's findings. We see no reason to accord Dr. Johnson's testimony any greater weight than the testimony of the other two doctors. He demonstrated no substantially greater understanding of this topic than the other witnesses.

We affirm the Workers' Compensation Court.

_John Conway Harrison_
Justice

-6-

We concur:

_Frank I. Haswell_
Chief Justice

_Daniel J. Shea_

_P. C. Hutterndson_

_Fred J. Weber_

_Jean R. Morrison_

_John C. Sheehy_
Justices