MR. JUSTICES WEBER,
dissenting:
I respectfully dissent from the opinion of the majority. In concluding that the defendant proved he was totally disabled and reversing the District Court, the majority has not *376 applied the well-settled standard of review for factual determinations of the Worker’s Compensation Court.
The majority has quoted from the Workers’ Compensation Court’s findings regarding Dr. Nelson’s testimony concerning objective findings of disc problems and the probable need for surgery, the psychologist’s indication of need for therapy to assist with depression, and the testimony of the claimant that he is skeptical about surgery but did not rule it out. Immediately preceding that quoted portion of the findings, the Workers’ Compensation Court also stated:
“The evidence in this case clearly establishes this claimant is not as far restored as the permanent character of his injuries will permit.”
In view of that conclusion by the Workers’ Compensation Court, it was appropriate for the court to conclude that the claimant remains entitled to temporary total disability benefits and that the Workers’ Compensation Court cannot make a determination of permanent total disability.
The cited evidence constitutes substantial evidence to support the conclusion of the lower court that the claimant is not as far restored as the permanent character of his injuries will permit. I would hold there is substantial evidence to support the findings and conclusions on the part of the Workers’ Compensation Court. See Lamb v. Missoula Imports, Inc. (Mont. 1984), [211 Mont. 360,] 684 P.2d 498, 499, 41 St.Rep. 1414, 1416. That holding would in no way foreclose the defendant from proving at some future time that his recovery has proceeded as far as possible so that a permanent award should be made. I would affirm the determination of the Workers’ Compensation Court.
MR. CHIEF JUSTICE HASWELL and MR. JUSTICE GULBRANDSON join in the foregoing dissent of MR. JUSTICE WEBER.