MR. JUSTICE GULBRANDSON,
dissenting:
I respectfully dissent.
Appellant must prove, by a preponderance of the probative, credible evidence, that he is entitled to permanent total disability benefits. Dumont v. Wickens Bros. Const. Co. (1979), 183 Mont. 190, 598 P.2d 1099. This he has not done.
To establish that he is permanently totally disabled under the *512 Metzger test cited in the majority opinion, the appellant must show a complete inability to perform the employment and duties associated with the jobs constituting his normal labor market. Although appellant is clearly permanently disabled, he has not satisfied the Metzger standard for permanent total disability. There are three main problems with the majority opinion, which simply glosses over the voluminous evidence in this case.
First, the only expert medical opinions entered into evidence tend to show that appellant is not permanently totally disabled. Dr. Nelson diagnosed appellant as having a 10% impairment of the whole body. He testified that appellant should be in some type of sedentary employment (primarily educative or supervisory, or doing something, if repetitive, from which he could take breaks periodically). Dr. Cahill also rated appellant as having a 10% impairment of the whole body. Dr. Cahill’s opinion in 1982 was that:
“The patient’s present physical condition shows ... he has stabilized and has reached a maximum point of recovery. I do think he would be able to return to work, but I think that heavy lifting and using his upper extremities excessively other than for writing and desk work would be very difficult for him.”
Second, the majority finds that appellant’s normal labor market does not include working as a foreman. This finding is perplexing as it runs against the majority’s recitation of facts and the appellant’s testimony. The facts stated in the majority opinion are that:
“[Appellant] also worked as a supervisor in a Missoula paper mill and he has worked for very short periods of time (two to three days) in other supervisory positions . . . details on how long he worked as a supervisor in the paper mill are lacking.”
It is unclear how the majority can find that appellant’s normal labor market does not include a foreman position when the majority is unsure how long he worked as a foreman.
Appellant’s testimony was as follows:
“Q. Did you ever work in any of these occupations strictly as a supervisor?
“A. I was a supervisor in the paper mill in Missoula for awhile.
“Q. Other than that job, did you ever work strictly as a supervisor?
“A. Not for any length of time, no.”
The testimony is simply unclear as to how long appellant worked as a supervisor. Appellant has not established what his normal labor market is. Appellant did attempt to find employment as a supervisor *513 with three or four construction firms in Lewistown. This indicates that appellant considers supervisory positions as within his normal labor market and that he believes he can perform the duties of those positions.
Third, appellant explicitly stated that he would not accept any job unless he could earn at least $1,000 a month. Although appellant conceded that he had worked as a laborer, he stated that he had not applied for work at any of the shops or stores, such as hardware stores, convenience stores or gas stations, in his hometown of Lewis-town. Appellant did not introduce evidence showing a complete inability to perform these jobs or the supervisory jobs.
The majority states that appellant has conclusively established an inability to perform the jobs in his normal labor market. The record does not support this assertion. The record does show that appellant refuses to even consider any job paying less than $1,000 a month. The majority opinion has dispensed with the requirements of the Metzger test.
Lastly, I dissent from the majority’s imposition of a 20% penalty upon the respondent under Section 39-71-2907, MCA. That section allows the lower court to increase an award by 20% because of an insurer’s unreasonable delay or refusal to pay.
“Whether an action is ‘unreasonable’ under this statute is a question of fact which is subject on appeal to the limited review of the substantial evidence test. (Citation omitted.) If there is substantial evidence to support a finding of ‘unreasonableness’, this Court cannot overturn the finding.”
Wight v. Hughes Livestock Co., Inc. (Mont. 1981), 634 P.2d 1189, 1192, 38 St.Rep. 1632, 1636. The same standard of review applies to a lower court’s finding of reasonableness.
Substantial credible evidence supports the lower court’s finding of “reasonableness” and its refusal to impose the penalty. The majority finds that respondent acted unreasonably because respondent reduced appellant’s benefits in retaliation for appellant’s refusal to work with a private rehabilitation firm. The opinion cites no evidence directly supporting this assertion.
Peter McGraw, a claims manager and insurance adjuster who worked on appellant’s claim, testified as to why the insurer had reduced appellant’s benefits from permanent total to permanent partial. McGraw stated that the insurer reduced the benefits because the insurer had received medical reports form Dr. Nelson and Dr. Cahill that stated: (1) appellant’s condition had stabilized and he *514 had reached his maximum point of recovery; (2) that appellant was able to go back to a sedentary-type of work; and (3) that appellant had a 10% impairment rating of the whole body. There was evidence at the hearing that the insurer sent a letter to appellant which stated that the reduction in benefits was due to the doctor’s reports. Moreover, McGraw specifically refuted the suggestion that the insurer reduced appellant’s benefits as retaliation. There is substantial, credible evidence which support the lower court’s refusal to impose the 20% penalty. The reduction of benefits was a reasonable action and no penalty should be imposed.
MR. CHIEF JUSTICE TURNAGE and MR. JUSTICE WEBER join in the foregoing dissent of MR. JUSTICE GULBRANDSON.