No. 86-257

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

---

DENNIS R. HENGEL,

       Claimant and Respondent,

-vs-

PACIFIC HIDE & FUR DEPOT,
          Employer,
   and

INTERMOUNTAIN INSURANCE COMPANY,

       Defendant and Appellant.

---

APPEAL FROM:   The Workers' Compensation Court, The Honorable
              Timothy, Reardon, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        E. Craig Daue; Garlington, Lohn & Robinson, Missoula,
        Montana

    For Respondent:

        Allen M. McGarvey; Landoe, Brown, Planalp, Kommers &
        Johnstone, Bozeman, Montana

---

Submitted on Briefs: Dec. 11, 1986

Decided:   December 31, 1986

Filed:  DEC 31 1986

_____
             Clerk

Mr. Justice William E. Hunt, Sr. delivered the Opinion of the Court.

This is an appeal from a judgment of the Workers' Compensation Court awarding Hengel medical expenses, together with reasonable costs and attorney fees. The Court found Hengel was not entitled to the 20% penalty for delay and denial of the claim. Both parties appeal. Intermountain Insurance Company appeals the finding that the medical bills were compensable and Hengel cross-appeals the portion of the judgment denying the penalty. We affirm.

Intermountain raises three issues on appeal:

1. When medical science has been unable to determine the cause of a disease, but has been able to eliminate the factor alleged by a claimant as a cause of the disease, can the Moffett/Conway rationale be used to make such claimant's disease compensable under the Workers' Compensation Act merely because the true cause of the disease remains unknown?

2. Can a Workers' Compensation claimant prove, by mere medical possibility, that his industrial injury aggravated a subsequent, independent disease?

3. If the Court denies Intermountain Insurance Company's appeal, is there substantial credible evidence supporting the Workers' Compensation Court's refusal to enter a penalty in this case?

Hengel raises one issue on cross-appeal. Did Intermountain Insurance Company unreasonably delay and deny payment of medical expenses to Hengel?

Dennis Hengel was injured on June 11, 1982 in the course of his employment with Pacific Hide and Fur Depot. Some metal channels slipped off a forklift toward Hengel, and when

he grabbed them, he injured his back. Intermountain accepted liability for the injury and paid benefits on the claim.

Following his back injury, Hengel has suffered from continual pain. The pain increases with his physical activity, radiating from his back into his legs. Prior to the injury, Hengel was physically active. He jogged, hiked and skiied. After the injury he has been unable to do these things. He blames his inability to participate in these activities for several failed relationships. Hengel's roommate testified that after the injury Hengel's personality changed and he became short-tempered, irritable, angry and depressed. Hengel was subject to additional stress because his economic situation worsened. His disability benefits were approximately one-half his pre-injury earnings. His frustrations mounted when his doctors could not "cure" his back injury. Hengel was optimistic that he would recover until January, 1983, then he became frustrated and tense due to his lack of recovery.

At the time of the injury, Hengel did not have ulcerative colitis. Hengel's first symptom of ulcerative colitis occurred in March, 1983. Tests at that time showed no active colitis.

In December, 1983, Hengel returned home for the holidays. While there, he had his first severe colitis attack. By February, 1984, Hengel's colitis was serious enough to require surgery. In two separate operations, Dr. Dozois at the Mayo Clinic performed a colectomy and removed the mucosa of the lower rectum. Hengel incurred over $51,900.00 in medical bills. Hengel advised Intermountain that it was liable for the bills because Hengel's ulcerative

colitis was "caused by stress from the strain of worrying about his problems."

Intermountain denied liability for the ulcerative colitis since the medical evidence did not demonstrate "any specific cause/effect relationship between ulcerative colitis and major stress."

The Workers' Compensation Court held Hengel's ulcerative colitis is the result of stress occasioned by his industrial accident. The Court stated that although medical science does not know the cause of ulcerative colitis, all the medical experts who testified agreed that stress could exacerbate ulcerative colitis. The Court stated the claimant could not be expected to prove a medically undemonstrable causal connection between stress and ulcerative colitis. However, the Court held Hengel met his burden of proof by showing his increased stress level coincided with the development of ulcerative colitis, and that medical evidence recognized a relationship between stress and ulcerative colitis. The Court relied on Conway v. Blackfeet Indian Developers, Inc. (Mont. 1983), 669 P.2d 225, 40 St.Rep. 1427 and Moffett v. Bozeman Canning Co. (1933), 95 Mont. 347, 26 P.2d 973.

In Moffett, the claimant was injured while stacking cases of canned peas. Within three weeks he had a tremor in his left foot which spread to both legs, his tongue and head. He was diagnosed as having Parkinson's disease. The doctors who testified stated that they did not know what caused the disease but conjectured that it could theoretically be caused by trauma, infection, or emotion. The Court noted that the claimant must prove the injury was the proximate cause of his present condition. However, the record was devoid of direct

- 4 -

evidence of proximate cause, not because the claimant had failed to prove his case but because the exact cause of the disease was unknown to medical science. The Court held "the rule that the claimant must show that the injury was the proximate cause of the affliction does not require demonstration of an undemonstrable proposition, but merely that he produce sufficient evidence . . . to cause in the unprejudiced mind a conviction that such was the fact." Moffett, 95 Mont. at 360, 26 P.2d at 978.

In Conway, the claimant caught his arm on the door of the backhoe and hung suspended from his arm for a few minutes before dropping about 9 feet to the ground. The soreness from the accident changed to numbness in his fingers, toes, and arms. Gradually, he began to experience weakness in one side and eventually was diagnosed as having multiple sclerosis. The issue before the Court was whether the injury caused the MS. Two doctors testified there was no causal effect between MS and the injury and one doctor testified that the injury precipitated the outward symptoms of the underlying MS. We held the Moffett rationale is valid in cases where medical science is powerless to be of direct aid and in those cases the Workers' Compensation Court should look to indirect evidence to establish causation.

The first issue Intermountain raises on appeal is whether the Moffett and Conway rationale should be applied in this case. Intermountain contends that medical science has ruled out stress as a cause of ulcerative colitis, and that claimant should not be able to recover merely because the true cause of the disease remains unknown. The cause of ulcerative colitis is currently unknown to medical science. All of the doctors who testified in the case agreed that

- 5 -

stress can exacerbate symptoms of the disease. One doctor stated that he was "unaware of any specific cause/effect relationship between ulcerative colitis and major stress." One doctor stated that he personally did not believe that stress caused ulcerative colitis. Another stated that there seemed to be a possible cause and effect relationship. Still another stated ulcerative colitis could be aggravated or possibly initiated by stress. Intermountain contends that the statement of one doctor, Dr. Dozois, should be taken over the statements of other doctors because Dr. Dozois has more experience with ulcerative colitis than the other doctors. Dr. Dozois testified that he believes stress does not cause ulcerative colitis. While Dr. Dozois is exceptionally well-qualified, he is also a surgeon, not an epidemiologist. And on review of the record it is clear to this Court as it was in Lamb v. Missoula Imports, Inc. (1984), 684 P.2d 498, 41 St.Rep. 1414, that medical science remains sufficiently undeveloped in the area of stress and ulcerative colitis to rely on any one witness' statement as dispositive. We therefore hold the Moffett/Conway rationale is applicable to this case, and the Workers' Compensation Court did not err in holding the claimant satisfactorily met his burden of proof by showing indirect evidence that stress occasioned by claimant's industrial accident caused him to develop ulcerative colitis. This conclusion is supported by the fact that claimant developed ulcerative colitis only after suffering major stress as a result of his back injury.

Next, Intermountain raises the issue of the burden of proof as to aggravation of a condition following an industrial injury. Hengel contends the stress occasioned by the accident not only caused but aggravated his ulcerative

colitis as well. The evidence clearly shows that Hengel did not have ulcerative colitis until after the accident. This Court has not decided the issue of whether aggravation of a condition arising after the accident is compensable under Montana's Workers' Compensation Act. We do not reach this issue because we have already ruled that Hengel was entitled to compensation for the medical bills incurred as a result of his colitis.

The final issue raised by Intermountain and only issue raised by Hengel is whether he should have been awarded a 20% penalty pursuant to § 39-71-2907, MCA. That section states:

> 39-71-2907. <u>Increase in award for unreasonable delay or refusal to pay.</u> When payment of compensation has been unreasonably delayed or refused by an insurer, either prior or subsequent to the issuance of an order by the workers' compensation judge granting a claimant compensation benefits, the full amount of the compensation benefits due a claimant, between the time compensation benefits were delayed or refused and the date of the order granting a claimant compensation benefits, may be increased by the workers' compensation judge by 20%. The question of unreasonable delay or refusal shall be determined by the workers' compensation judge, and such a finding constitutes good cause to rescind, alter, or amend any order, decision, or award previously made in the cause for the purpose of making the increase provided herein.

Intermountain contends its denial of benefits was reasonable. Hengel contends the denial was unreasonable and motivated by economic concerns and a desire to "wear out" the claimant. We begin with the standard of review. The reasonableness of an insurer's denial is a question of fact for the lower court and it will not be disturbed on appeal if supported by substantial credible evidence. Wight v. Hughes Livestock Co., Inc. (Mont. 1981), 634 P.2d 1189, 38 St.Rep. 1632. In this case there is substantial credible evidence of a legitimate dispute as to the causal connection between the

injury and claimant's present disability.   The Workers'
Compensation Court did not err in refusing to assess the
penalty.

Affirmed.

_William E Hunt_
Justice

We Concur:

_J. A. Turnage_
Chief Justice

_John Conway Harrison_

_John C. Sheehy_

_Fred J. Weber_

_L. C. Gulbrandson_   .
Justices