No. 14223

IN THE SUPREME COURT OF THE STATE OF MONTANA

1978

_____

HOWARD STRANDBERG,

                Claimant and Respondent,

     -vs-

THE REBER COMPANY, Employer,
       and
ARGONAUT INSURANCE COMPANY,

                Defendant and Appellant.

_____

Appeal from: Workers' Compensation Court
           Hon. William E. Hunt, Judge presiding.

Counsel of Record:

    For Appellant:

        Harris, Jackson & Murdo, Helena, Montana
        John Grant argued, Helena, Montana

    For Respondent:

        Keller, Reynolds and Drake, Helena, Montana
        Paul T. Keller argued, Helena, Montana

_____

Submitted: November 14, 1978
Decided: NOV 27 1978

Filed: NOV 27 1978

_Thomas J. Kearney_
                       Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

On July 24, 1973, while employed as a plumber by The Reber Company, Howard Strandberg fell from a ladder and fractured his left hip. Argonaut Insurance Company, Reber Company's Plan 2 workers' compensation carrier, paid Strandberg temporary total disability.

Strandberg, 53 years old at the time of the accident, attempted to return to work for Reber in October, 1974, but found he was unable to keep up as a plumber, primarily because of pain and lack of mobility. After a period of two and one-half days, he had to terminate his employment. Since that time he has tried various jobs such as truck driving, irrigating and fencing but has been unable to find work involving sitting or standing that he could do for any length of time without experiencing pain.

In 1977 Strandberg began to complain of back problems. At this point he petitioned the Workers' Compensation Court for a hearing on his eligibility for permanent total disability. The case was referred to a hearings examiner.

Strandberg was subsequently examined by two orthopedic specialists who testified, that because of the manner in which his hip had healed, Strandberg had developed a Trendelenburg's gait, described as a "listing gait over the hip," his left leg had shortened measurably, and he walked with a limp. These aftereffects of the fractured hip had in turn aggravated a preexisting condition in Strandberg's spine known as spondylolisthesis, in which one vertebra is not developed, resulting in an inability for Strandberg to be on his feet or do heavy work for any length of time.

While spondylolisthesis is a chronic condition which may become symptomatic with age, both examining physicians

testified they felt Strandberg's limp, as a result of his fractured hip, accelerated and aggravated the preexisting condition.

On the basis of this undisputed testimony the hearings examiner made findings of fact and conclusions of law favorable to Strandberg. The Workers' Compensation Court adopted these findings and conclusions and denied Argonaut's petition for a rehearing. From the judgment and denial of the petition for a rehearing, Argonaut appeals.

The issue we are asked to decide is whether a person injured in an industrial accident is entitled to compensation when an injury to one part of his body results in the aggravation of a preexisting condition in another part of the body. We hold that he is and affirm the Workers' Compensation Court.

We have long recognized the doctrine in Montana that an employee suffering from a preexisting condition is not denied compensation if the disability was aggravated or accelerated by an industrial injury. Clark v. Hilde Construction Co. (1978), _____ Mont. ___, 576 P.2d 1112, 1114, 35 St.Rep. 353, 355; Bond v. St. Regis Paper Co. (1977), _____ Mont. ____, 571 P.2d 372, 374, 34 St.Rep. 1237, 1240; Rumsey v. Cardinal Petroleum (1975), 166 Mont. 17, 28, 530 P.2d 433, 439. The rule is that when preexisting diseases are aggravated by an injury and disabilities result, such disabilities are to be treated and considered as the result of the injury. Gaffney v. Industrial Accident Board (1955), 129 Mont. 394, 403, 287 P.2d 256, 260.

Appellant would now have us limit this doctrine to cases where the preexisting condition affected only that part of the body subsequently injured in the industrial

-3-

accident. This we decline to do. Such a holding would force us into a narrow and technical construction of the Workers' Compensation statutes and thus defeat the liberal and humane intention of the legislature in providing for the benefit and protection of the injured worker. Garland v. Anaconda Co. (1978), ____ Mont. ____, 581 P.2d 431, 433, 35 St.Rep. 923, 926; Rumsey v. Cardinal Petroleum, supra, 166 Mont. at 26, 530 P.2d at 438; Levo v. General-Shea-Morrison (1955), 128 Mont. 570, 571, 280 P.2d 1086, 1087.

Neither do previous cases suggest such a limited doctrine. We allowed recovery in Gaffney where a fall aggravated preexisting Parkinson's disease and cerebral arterial sclerosis both of which, like Strandberg's spondylolisthesis, are progressive diseases of a degenerative nature. In Weakley v. Cook (1952), 126 Mont. 332, 249 P.2d 926, a preexisting heart condition was aggravated when the claimant fell backwards. In Moffett v. Bozeman Canning Co. (1933), 95 Mont. 347, 26 P.2d 973, an unexpected back strain triggered preexisting Parkinson's disease of the nervous system. In both cases compensation was allowed.

See also the recent case of Close v. St. Regis Paper Co. (1977), ____ Mont. ____, 573 P.2d 163, 34 St.Rep. 1528, where a blow to the claimant's head aggravated a dormant condition in her neck. This is analogous to the injury to Strandberg's hip aggravating a dormant condition in his lower back. We have also held that where an industrial accident causes preexisting psychological problems to flare up the claimant is entitled to compensation. Schumacher v. Empire Steel Mfg. Co. (1977), ____ Mont. ____, 574 P.2d 987, 988, 34 St.Rep. 1112, 1114. Clearly in these cases there is no connection between the site of the subsequent injury and

the preexisting condition and no suggestion that there must be such a physical relationship.

All that is necessary is that the accident aggravate or accelerate the preexisting disease or disability. Under such circumstances the claimant must "produce sufficient evidence, direct, indirect or circumstantial to cause in the unprejudiced mind a conviction that such was the fact." Gaffney, 129 Mont. at 404-05, 287 P.2d at 261. Proof that it was medically possible for an industrial accident to aggravate a preexisting condition is acceptable proof of disability. Viets v. Sweet Grass County (1978), ___ Mont. ___, 583 P.2d 1070, 1072, 35 St.Rep. 1364, 1366-67. Here, Strandberg met this burden of proof as shown in part by this excerpt from the deposition of one of the examining physicians, Dr. Harris Hanson:

> "Q. And how about his spondylolisthesis in his back. Was it affected by this injury? A. On the basis of what I found on the X-rays, I think this was a preexisting problem, but with his shortening and his limp, the spondylolisthesis and the degenerative changes about his back probably have been affected by it yet.
>
> "Q. They have been aggravated, would you say? A. Yes."

The deposition of Dr. Robert Seim, the examining doctor for Argonaut, is to the same effect. Likewise, undisputed evidence established that Strandberg was unable to return to his former occupation or to perform any job for more than a couple of hours at any time.

On questions of fact, contained in the record, our function in reviewing decisions of the Workers' Compensation Court is limited to ascertaining whether substantial evidence exists to support the findings and conclusions of that court. If there is substantial evidence to support the

court's findings, we cannot overturn the decision. Jensen v. Zook Bros. Construction Co. (1978), ____ Mont. ____, 582 P.2d 1191, 1193, 35 St.Rep. 1066, 1068. On the record before us we find the requisite substantial evidence to support the finding of the Workers' Compensation Court that Strandberg's industrial accident to his hip aggravated his preexisting spinal condition resulting in permanent total disability.

Section 92-713, R.C.M. 1947, authorizes the reopening and proper adjustment of a workers' compensation case "[i]f aggravation . . . takes place or [is] discovered after . . . compensation [is] terminated in any case." This language indicates that the legislature recognized the possibility that aggravation of an injury may occur after the normal period of compensation has expired, as occurred here. The Workers' Compensation Court acted correctly under the authorization of this statute.

The judgment of the Workers' Compensation Court is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

-6-