No. 83-327

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

_____

PAUL SCHIENO,

Claimant and Appellant,

-vs-

CITY OF BILLINGS, Employer,

and

STATE COMPENSATION INSURANCE FUND,

Defendant and Respondent.

_____

APPEAL FROM: Workers' Compensation Court, The Honorable Timothy
Reardon, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Victor R. Halverson; Halverson & Sheehy, Billings,
Montana

For Respondent:

Allen B. Chronister, Assistant Attorney General,
Helena, Montana

_____

Submitted on Briefs: March 30, 1984

Decided: June 19, 1984

Filed: JUN 19 1984

_Ethel M. Harrison_
_____
Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

Claimant, Paul Schieno, appeals a judgment of the Worker's Compensation Court, denying him permanent total benefits under section 39-71-119(2), MCA, for coronary heart disease. Schieno claimed that his 26 years as a Billings firefighter contributed to the development of the disease, or at least aggravated it, and therefore he was entitled to full benefits. The trial court, however, determined from the evidence, including expert medical testimony, that the claimant's condition had been neither caused nor aggravated by his employment, and that Schieno's personal risk factors such as heavy smoking, strong family history of heart disease, and high blood pressure were the probable causes of the condition. The trial court also denied claimant his attorney fees under section 39-71-611, MCA, and the statutory 20% penalty under section 39-71-2907, MCA. We affirm.

The essential issue is whether substantial credible evidence exists to support the findings and conclusions of the trial court that claimant's employment as a firefighter did not cause or aggravate his coronary heart disease.

Claimant is a 48-year-old retired Billings firefighter who suffers from coronary arteriosclerosis, or narrowing of the arteries leading to the heart. The blockage is caused by cholesterol plaque buildup on the interior lining of the arteries. Schieno began his career as a fireman in 1955 when he was hired as a combat firefighter. During the next 26 years, he was promoted several times and had recently become fire marshal when in 1981 he underwent double-bypass heart surgery and was forced to retire.

Schieno seeks permanent total benefits under section 39-71-119(2), MCA, the "fireman's statute." That section extends the definition of compensable "injury" as defined in section 39-71-119(1) to include "cardiovascular or pulmonary or respiratory" diseases contracted by a fireman while he or she is still employed. However, the "fireman's statute," section 39-71-119(2), specifically requires a causal relationship between the employment and the disease. The statute provides that the above named diseases are compensable if they are ". . . caused by overexertion in times of stress or danger in the course of his employment by proximate exposure or cumulative exposure over a period of 4 years or more to heat, smoke, chemical fumes, or other toxic gases . . ."

The uncontradicted evidence shows that during his 26 years as a firefighter, Schieno was exposed to substantial amounts of smoke and fumes, and also was subject to considerable stress. It is shows that claimant smokes two to three packages of cigarettes per day, has three brothers who have either had heart attacks or have had bypass surgery because of coronary artery disease, has high blood pressure, and sporadically abuses alcohol.

Both medical doctors who testified agreed that there is no known medical cause of coronary artery disease; rather, there are only known high risk factors. The recognized high risk factors are smoking, high blood pressure, and a family history of heart disease. Other factors include male sex, diabetes, and, to a lesser extent, stress. As mentioned, claimant is a very heavy smoker, has high blood pressure, and has a strong family history of heart disease.

Relying on the opinions of these two experts, Doctors L. W. Etchardt and R. M. Zirpoli, the trial court found that when compared with the high risk factors present in the claimant, the stress and exposure to smoke while a fireman did not cause claimant's heart disease. Dr. Etchardt further stated in his deposition that Paul Schieno ". . . could have had a non-stressing job as a clerk in a shoe store and he would probably be at the same place and state of health at this time in his life." When asked whether, in his opinion, he thought claimant's occupation for 26 years "caused" claimant's condition, Dr. Zirpoli replied, ". . . my opinion on that would be no."

Claimant further contends that he is entitled to full benefits because he proved it was "medically possible" that his occupation could have aggravated his preexisting condition. It is true that as a general rule an employer takes his employees "as he finds them," e.g., with or without preexisting conditions. Gaffney v. Industrial Accident Board of Montana (1955), 129 Mont. 394, 287 P.2d 256. It is also a general rule in Montana that if a worker proves that it is "medically possible" that an industrial injury aggravated a preexisting weak condition, the worker is entitled to compensation for the total disability. Strandberg v. Reber Co. (1978), 179 Mont. 173, 587 P.2d 18. However, the "medically possible" rule has been established under section 39-71-119(1), MCA, the "tangible happening" definition of industrial injury. Although section 39-71-119(2), MCA, does not require a "tangible happening of a traumatic nature," it does require that the disease contracted by the fireman be "caused" by the occupation. The rule in most jurisdictions, including Montana, is that a worker must show that it is

"medically probable" that the occupation <u>caused</u> the disabling injury or disease. Medical proof of causation of an injury in a worker's compensation proceeding must be greater than proof of that which is "possible." Victs v. Sweet Grass County (1978), 178 Mont. 337, 583 P.2d 1070.

The expert medical testimony in this case falls short of establishing a "medical possibility," let alone proof of "medical probability" of causation, which is the required showing under section 39-71-119(2), MCA. Because the three highest risk factors for coronary artery disease--smoking, high blood pressure, and family history of heart disease - were all present in the claimant, both medical experts testified that claimant's occupation did not cause his heart disease. Furthermore, Dr. Zirpoli stated that only because he could not rule it out medically, it was "medically possible, but unlikely" that Schieno's occupation accelerated or aggravated his preexisting condition. Dr. Etchardt, however, did state that repetitive smoke inhalation and extended exposure to toxic gases and fumes could aggravate an artery disease such as claimant's. But, the question is one of causation, not aggravation, and substantial evidence supports the trial court's finding that the stress of claimant's occupation, and the extended exposure to smoke and fumes, did not cause Schieno's disabling heart condition.

Because we have affirmed the trial court's judgment denying claimant benefits under section 39-71-119(2), MCA, the judgment denying him attorney fees and the statutory penalty must also be affirmed.

We hold that substantial credible evidence supports the judgment of the Workers' Compensation Court denying claimant

benefits under section 39-71-119(2), and therefore the judgment is affirmed.

_Daniel J. Shea_
Justice

We Concur:

_Frank J. Haswell_
Chief Justice

_John Conway Harrison_

_____

_L.C. Gulbrandson_

_____

_____
Justices

Mr. Justice John C. Sheehy, deeming himself disqualified, did not participate.

Mr. Justice Frank B. Morrison, Jr. specially concurs as follows:

I concur in the result. However, I would affirm because there is substantial credible evidence to support the Workers' Compensation Court.

Specifically, I take exception to the language about causation proof. The majority opinion states:

> "Medical proof of causation of an injury in a workers' compensation proceeding must be greater than proof of that which is 'possible.'"

This statement may be misleading. We do permit medical testimony in support of causation proof, to be based upon a "possibility" rather than a "probability". However, the finder of fact must find that there is a probability that causation exists based upon the medical testimony and all other facts in the record.

Medical testimony based upon a possibility may form the basis for a finding that injury is in fact related to a certain trauma. However, in this case there is substantial credible evidence supporting the Workers' Compensation Court finding that causation did not exist. Therefore, I concur in the affirmance.

_____
Justice

7