No. 84-506

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

---

DAVID BYKONEN,

      Claimant and Respondent,

  -vs-

MONTANA POWER COMPANY,

      Employer-Defendant and Appellant.

---

APPEAL FROM:  The Workers' Compensation Court, The Honorable
                Timothy Reardon, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

            Robert T. O'Leary, Butte, Montana

      For Respondent:

            Regnier, Lewis, Boland & Roberts; Stephen D. Roberts,
            Great Falls, Montana

---

Submitted on Briefs:  June 6, 1985

Decided:  July 30, 1985

Filed:    JUL 30 1985

*Ethel M. Harrison*

---

Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

Montana Power Company appeals a judgment of the Workers' Compensation Court which determined that claimant, David Bykonen suffered an industrial accident, aggravating or accelerating a pre-existing degenerative disc disease. The court awarded permanent partial disability benefits to claimant. We affirm.

The sole issue raised is whether the record contains substantial credible evidence to support the lower court's judgment awarding the permanent partial benefits.

On August 12, 1980, claimant was employed by the Montana Power Company, in Lewistown, Montana as a lineman. While fixing a light located approximately 20 feet above the ground, the claimant was attacked by hornets. He was lowering the bucket in which he was working at the end of the ladder but it did not go down fast enough to escape the hornets and he started to climb down the ladder which did not have a hand rail. The length of the ladder was approximately 38 feet and was at an angle of 40 degrees to reach the light. As he raced down the ladder he slipped and fell and began rolling down the ladder. He slipped and fell from the ladder to the asphalt pavement below approximately 8 feet and landed on his knees and toes. He was taken to the hospital and treated by Dr. Mattley who reported that he had injured his left knee and had bruises on his right knee and the back.

On August 14, 1980 claimant underwent surgery to repiar his injured left knee. The operation was performed by Dr. Lovitt. Neither Dr. Lovitt's records nor the hospital records contain any complaints by the claimant for low back

problems. Claimant testified that while in the hospital he did complain of low back pain and that after the surgery he and his wife both called Dr. Lovitt about the low back pain problem and was told that it was the result of his change in the type of work he did and that he should take four aspirin every two hours for relief.

On July 14, 1981, Bykonen was treated by a Dr. Pardis in Shelby, Montana for acute lumbar strain following his lifting a three-gallon water can two days earlier. In August, he was first examined for and treated for low back pain by a Dr. Kidder in Shelby, and he indicated a history of onset of back pain of about 10 days when he was loading cans of water out of a pickup truck. Then in November, he complained of low back pain, and was examined again by Dr. Lovitt. Part of Dr. Lovitt's report concludes:

> "He has had no history of injury to the low back whatsoever. Even after his fall, he had no complaints of low back pain. He feels his symptoms have been present relatively continuously since this past July [1981]."

That same month, November 1981, Byknonen consulted a Dr. Bloemendaal, who diagnosed him to be suffering from a mildly degenerative disc at the L5-S1 level, which probably pre-dated the August 12, 1980 accident, and the symptoms of which onset one year later. Dr. Bloemendaal stated that it was medically possible that Bykonen's fall aggravated his pre-existing degenerative disc condition, which later caused the herniation of that disc.

In a deposition taken on March 20, 1984, Dr. Bloemendaal stated that a person suffering from a degenerative disc condition can suffer a herniation as a matter of routine, normal activity. He also stated that in view of Byknonen's asymptomatic low back history, it was more probable that the

lifting of the water can caused the herniation than did the fall from the ladder.

The Workers' Compensation Court considered the evidence and concluded that the August 12, 1980 industrial accident proximately caused Bykonen's back injury. It also concluded that Bykonen had carried his evidentiary burden of proving it was medically possible that his accident accelerated the degenerative process and thereby made him more susceptible to the herniation he in fact suffered, confirming Dr. Bloemendaal's report.

Montana Power Company contends there is not substantial credible medical evidence upon which the Workers' Compensation Court could have based its finding, which provides in part:

"The claimant's August, 1980 industrial accident set in motion a progressively deteriorating condition which was subjected to a dramatic flare-up in July, 1981, which ignited a volatile and unstable back condition."

The court based its finding on the diagnosis and deposition of Dr. Bloemendaal. His report noted that when he examined Bykonen, x-rays revealed a narrowing of the L5-S1 interspace in the back, indicating a degenerative disc. A myelogram performed at Deaconness Hospital in Great Falls showed an extradural defect, or herniated disc at the L5-S1 level.

Montana Power Company notes Dr. Bloemendaal's report contained no history of low back pain other than the onset in July 1981, following Bykonen's lifting the water can. It contends the only plausible explanation of Dr. Bloemendaal's testimony is that Bykonen had a degenerative disc in 1979 which gradually broke down over a period of time.

Montana Power Company argues that the Workers' Compensation Court erred in disregarding the November 9, 1981 medical report of Dr. Lovitt, which stated:

"He has had no history of injury to the low back whatsoever. Even after his fall he had no complaints of low back pain. He feels his symptoms have been present relatively consistently since this past July."

Further, Montana Power Company points out that Dr. Bloemendaal did not confirm in his deposition that the degenerative process was increased--he only suggested it could be medically possible that the fall had aggravated or accelerated the degenerative process.

This Court considered a similar situation in Jones v. St. Regis Paper Co. (Mont. 1981), 639 P.2d 1140, 38 St.Rep. 2201. There, claimant suffered an injury to his back when turning a heavy piece of lumber, while at work. His physician concluded his injury could have been caused by a pre-existing degenerative disc disease. The Workers' Compensation Court denied recovery by noting that because claimant's low back pain predated the visit to his physician, it was not aggravated by any event occurring on the job on that date, and therefore was not a compensable injury as defined by statute. This Court reversed, ruling that when it is proved medically possible that an industrial accident or injury aggravated a pre-existing condition, that proof may, together with other evidence, establish a compensable disability.

Here, the claimant and his wife both testified that the claimant complained of low back pain from the time of the accident and that they both had called Dr. Lovitt about treatment for this low back pain. The Workers' Compensation Court considered all of the evidence, and found Bykonen

suffered an injury which aggravated or accelerated his pre-existing degenerative disc condition.

We hold the judgment of the Workers' Compensation Court is supported by substantial credible evidence, and we therefore affirm that judgment.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices