No. 84-479

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

LLOYD WHEELER,

       Claimant and Appellant,

   -vs-

CARLSON TRANSPORT, Employer,

    and

INSURANCE COMPANY OF NORTH
AMERICA,

       Defendant and Respondent.

APPEAL FROM: Workers' Compensation Court, The Honorable Timothy
             Reardon, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Lynaugh, Fitzgerald & Hingle; Thomas Lynaugh, Billings,
        Montana

    For Respondent:

        Steven Harman, Billings, Montana

Submitted on Briefs: May 9, 1985

Decided: August 5, 1985

Filed: AUG 6 - 1985

*Ethel M. Harrison*

Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

Claimant Lloyd Wheeler appeals from an order of the Workers' Compensation Court dismissing his petition for a rehearing. We affirm.

Claimant appeals from his second hearing regarding his occupational accident and injury. The injury occurred on February 10, 1981. Claimant suffered a crush injury to his left foot while employed with Carlson Transport. Carlson's carrier, the respondent, Insurance Company of North America (INA) accepted liability and began paying medical and compensation benefits. On September 21, 1981, claimant filed a petition with the Workers' Compensation Court contending, among other things, that he suffered a back injury due to his foot condition. In that petition, claimant alleged a preexisting spinal stenosis condition which was aggravated by his limp or "favoring" of the injured left foot.

A hearing was held before the Workers' Compensation Judge. Evidence was admitted both as to the causal connection between claimant's foot injury and the back condition, and the level of claimant's disability. The court entered its findings and conclusions on June 10, 1982. Most significant to this case is the finding that claimant's back instability was unrelated to the foot injury claimant suffered in his industrial accident. In this regard the court stated:

> ". . .

> "(2) Claimant contends that insurer is liable to claimant for benefits related to claimant's back instability or spinal stenosis. Claimant's theory here is that the foot injury aggravated claimant's unstable back through unnatural stress caused by claimant's gait necessitated by the foot injury.

2

"The medical evidence does not support the causal link between claimant's crushed foot injury and his subsequent back problems. Dr. Hull, claimant's treating physician, admitted reluctantly that it was possible that claimant's back condition was caused by the foot injury, but he was inclined against such a connection being made.

"There is ample evidence to support Dr. Hull's opinion in the fact that claimant did not complain about his back problems until after four months had elapsed from the time of the injury. Since section 39-71-119(1), MCA, the injury statute, requires that there must be a causal connection between the injury and claimant's physical condition, claimant's contention regarding benefits for the spinal stenosis must be denied for lack of proof of the causal connection, either directly or by aggravation, required by the injury statute."

Claimant's permanent partial disability level was set at five percent impairment, and INA commenced payments thereupon. Subsequently, in July of 1983, claimant underwent an operation to remove a neuroma on the crushed foot. After that operation INA reinstated claimant's temporary total benefits. Dr. Hull indicated to INA that claimant would be able to return to work approximately six weeks from the date of surgery. INA wrote to claimant and his attorney on August 16, 1983 indicating to them that based on Dr. Hull's prognosis that benefits would be discontinued fourteen days from the date of the letter. Apparently, INA continued to pay claimant temporary total benefits beyond fourteen days after the notice letter. These benefits were paid until November 1, 1983. On November 22, 1983 INA wrote to claimant and his attorney enclosing final payment to November 1, and indicating that payments would be discontinued.

On December 19, 1983 claimant, through a new attorney filed a second petition for hearing. He claimed an aggravation of the previous injury; that new evidence was

3

available indicating that claimant's back injury was causally related to his foot injury; and finally that INA had failed to give the required fourteen days notice.

Defendant filed a motion and brief opposing claimant's petition to re-litigate the causal connection between the foot injury and back condition. The Workers' Compensation Court issued an opinion on this issue. The court specifically reserved its ruling on defendant's motion to dismiss claimant's petition, but set forth the scope of the second hearing:

> "Thus, it appears that the claimant has alleged sufficient facts necessary to sustain the petition filed in the instant case. Evidence of new medical findings or subsequent events must first be reviewed by this Court before a decision on a motion to dismiss can be made. A dismissal may be issued, after a review of the new evidence, under section 25-11-102, MCA only if the new evidence is unlikely to change the result upon a new trial; it may be dismissed under section 39-71-2909, MCA only if there does not appear to be a new and more serious feature of the prior injury."

Following the hearing, the court made the following findings:

> " . . .

> "12. The Court finds no new evidence was presented which would likely change the result upon a new trial.

> "13. The Court finds there does not appear to be a new and more serious feature of the prior injury."

Based upon these findings, the court dismissed claimant's petition. Claimant appeals, raising the following issues:

(1) The court erred in failing to award claimant benefits for his back injury.

(2) The court erred in failing to find that claimant is entitled to further temporary total disability benefits by reason of his foot injury alone.

4

(3) Whether the defendant failed to give the proper fourteen day notice of termination of benefits.

A determination of occupational injury and award made thereon by the Workers' Compensation Court maybe reopened on either of two grounds. First by authority of section 39-71-2909, MCA which states in part:

> "Authority to review, diminish, or increase awards--limitation. The judge may, upon the petition of the claimant or an insurer that the disability of the claimant has changed, review, diminish, or increase in accordance with the law on benefits as set forth in chapter 71 of this title, any benefits previously awarded by the judge or benefits received by a claimant through settlement agreements."

Secondly, section 25-11-102, MCA, provides that a former verdict or decision may be vacated and new trial granted upon application if the substantial rights of the applicant were materially affected by: " . . . newly discovered evidence material for the party making the application which he could not, with reasonable diligence have discovered and produced at trial . . ." Moen v. Peter Kiewit and Sons Co. (Mont. 1982), 655 P.2d 482, 487, 39 St.Rep. 2209, 2214-2215.

At the hearing on claimant's petition, the sole issue was whether the evidence presented warranted, under either ground stated above, a reopening of the 1981 order. As to the former, Finding no. 13, that "the court finds that there does not appear to be a new and more serious feature of the prior injury" mandates the court's conclusion that section 39-71-2909, MCA, did not warrant a reopening of the order. Claimant argues that subsequent to the prior hearing, it became apparent that his back injury was causally related to the occupational foot injury. The court in the prior order specifically found, as stated above, that there was no causal

5

relation between the two. Larson, in this treatise, states the general rule:

> "At the administrative level, awards can be reopened by the compensation board for modification to meet changes in claimant's condition, such as increase, decrease or termination of disability. . . . On a reopening for changed condition, no other issues may be relitigated, and the claimant's evidence must bear directly upon the comparison between his former and present disability. A few jurisdictions afford their commission's broad power to reopen cases in the interest of justice or for any good reason." Larson, Workmen's Compensation Law, Vol. 3, §81.00 (1983 ed.) (Emphasis added.)

The first question presented here is whether section 39-71-2909 is a change of condition statute or a "broad reopening" type of statute. We find that the language of the statute is clear in that it requires that the Workers' Compensation Division may only reopen an award if it finds that "the disability of the claimant has changed." Thus, claimant's reliance on O'Keeffe v. Aerojet-General Shipyards, Inc. (1971), 404 U.S. 254, 92 S.Ct. 405, 30 L.Ed.2d 424, in which the United States Supreme Court interpreted the Longshoremen's Act as being a broad reopening type of statute (characterized by Larson as the "sweeping concept of the re-opening power under the Longshoremen's Act" Larson, Workmen's Compensation Law, Vol. 3, §81.52B, (1983 ed.) is inapposite.

Under a "change of condition" statute such as 39-71-2909, MCA the reopening proceeding may not be used to retry issues originally settled. Again, Larson states:

> "[T]he issue before the board is sharply restricted to the question of extent of improvement or worsening of the injury on which the original award was based. If the original award held that there was no connection between the accident and claimant's permanent disability, there is nothing to reopen, and claimant cannot

6

retry the issue of work-connection through the device of a reopening petition." Larson, supra, §81.32A.

This result is supported by case law from other western states. In Deaton v. State Accident Insurance Fund (Or.App. 1978), 576 P.2d 35, the Oregon Court of Appeals held that claimant's disability could not be relitigated in a reopening petition. The Oregon court in that case noted:

> "At the heart of claimant's position is his belief that his initial determination was erroneous and that he should have been found permanently totally disabled. However that may be, the initial determination cannot be relitigated in an aggravation claim." Supra at 35.

The same observation applies to this proceeding. In Judd v. Industrial Commission (Ariz.App. 1975), 532 P.2d 196, the Arizona Supreme Court held that, absent mistake or misrepresentation in a prior proceeding, any determination of causal relation is res judicata. Again, the Arizona Supreme Court made an observation applicable here:

> "The claimant in this case was represented by able counsel throughout the numerous hearings before the Commission; the issues of the relationship of claimant's back problem to his industrial injuries were fully litigated before the hearing officer Ellig; Hearing Officer Ellig in a formal award held there was no causal connection between claimant's back problem and his industrial injury; the claimant has never sought review of that award; following that award the claimant sought and was granted a change of hearing officers; claimant attempted before a new hearing officer and with new medical experts to relitigate the issue of the causal connection between his back problem and his industrial injury."

Since the causation issue is res judicata, the only issue presented to the Workers' Compensation Court in this second proceeding was whether claimant's original occupational foot injury had in some way changed. The Workers' Compensation Court found that it had not, and that

7

in fact his condition had improved. We have examined the record in this regard and find that the court did not err in making this finding. This Court has consistently held that the test of sufficiency of evidence is whether there is substantial evidence to support the court's findings of fact; and we will not substitute our judgment for the Workers' Compensation Court in determining the weight and credibility to be given the testimony. Lamb v. Universal Insurance Company (Mont. 1984), 684 P.2d 498, 41 St.Rep. 1414. Here the claimant testified that he was able to get around better on his foot. Subsequent medical treatment continually improved his foot. Testimony both of claimant's medical doctor and a vocational specialist both supported defendant's contentions that claimant was increasingly able to gain limited employment. This finding was supported by substantial evidence and thus it will not be overturned.

The second ground upon which a new trial may be granted is that contained in section 25-11-102, MCA, quoted above. In Moen v. Peter Kiewit and Sons Co., supra, we explained this statute:

> "This decade's-old standard has been fleshed out by case law establishing that the decision to grant or deny a new trial is within the sound discretion of the trial court, . . . and will not be overturned absent a showing of a manifest abuse of that discretion . . . To warrant the granting of a new trial on the ground of newly discovered evidence, it must appear to the court that there is a reasonable probability that, upon a retrial, the evidence proposed will change the result." (Citations omitted.) supra, 655 P.2d at 487, 39 St.Rep. at 2215.

In Finding no. 12 the court found "no new evidence . . . presented which would likely change the result upon a new trial." Dr. Hull, claimant's treating physician, testified that he could not say with any degree of medical certainty

8

that claimant's back problem was caused by his foot injury. He further stated that he had no objective findings as to claimant's low back pain. Dr. Hull's notes of various examinations of claimant suggested that claimant's back pain was cyclical in nature. This indicated to the doctor that there was not necessarily a causal relation between the two injuries. Claimant himself testified that his back had gotten a little better in the last few years in that he still had the same pain but not as often.

Claimant argues that the Workers' Compensation Court erred insofar as it set forth "reasonable medical certainty" as the standard claimant was required to meet. He cites Strandberg v. Reber Co. (1978), 179 Mont. 173, 587 P.2d 18, and contends that it stands for the rule that all a claimant is required to show is that it was "medically possible" an occupational injury aggravated a pre-existing condition. The pertinent portion of Strandberg, supra, states as follows:

> "All that is necessary is that the accident aggravated or accelerated the preexisting disease or disability. Under such circumstances the claimant must 'produce sufficient evidence, direct, indirect or circumstantial to cause in the unprejudiced mind a conviction that such was the fact.' . . . Proof that it was medically possible for an industrial accident to aggravate a preexisting condition is acceptable proof of disability." (Citations omitted.) Supra, 179 Mont. at 176, 587 P.2d at 20.

See also Bykonen v. Montana Power Co. (Mont. 1985), ____ P.2d ____, (Cause No. 84-506, decided July 30, 1985); Jones v. St. Regis Paper Co. (Mont. 1981), 639 P.2d 1140, 38 St.Rep. 2201.

Strandberg simply provides that expert testimony on medical possibilities is competent evidence admissible in a workers' compensation proceeding. It is a standard of evidence and does not affect the claimant's ultimate burden to prove his case by a preponderance of the evidence.

9

"Medical possibility" is to be weighed just as any other evidence; if supported by other, independent evidence it is "acceptable" to be used by the court in making its determination. Medical possibility evidence by itself, though, does not mandate a conclusion that the claimant has met his burden of proof under the Act.

In Strandberg the Court went on to quote the unequivocal testimony of two expert witnesses that it was medically possible claimant's pre-existing condition was aggravated by his occupational injury. There was also other independent evidence supporting the claimant's position. Here, the record is not so clear. The only medical expert was Dr. Hull, and his testimony was equivocal. The other evidence goes both ways. Each party has been able to cull through the record and select testimony and other evidence that supports their position. Though we recognize that "cautious medical testimony" should, whenever possible, be interpreted in favor of the claimant, see Larson, supra §80.32, there is in the record sufficient substantial credible evidence to support the Workers' Compensation Court's determination and thus it must stand.

Claimant's second and third allegations of error are similar and will be discussed together. In the second, claimant contends the Workers' Compensation Court erred in not making a finding on whether he was still temporarily totally disabled. In the third, he argues that the court made a similar error in not finding that claimant's benefits were discontinued without the required fourteen day notice. As to both, claimant requests this Court to either enter judgment in his favor or remand to the Workers' Compensation Court for findings on these issues.

10

As to the above two issues presented in claimant's petition, the Workers' Compensation Court in the findings and conclusions stated:

> "Finding no 14. The Court finds that the defendant's motion to dismiss should be granted.
>
> ". . .
>
> "Conclusion no. 3. The evidence does not establish that claimant is entitled to further benefits now [sic] [nor?] that the claimant's benefits were wrongfully terminated.
>
> " . . .
>
> "Conclusion no. 6. The defendant is entitled to judgment dismissing claimant's petition with prejudice."

Under the rule set forth in Mondakota Gas Company v. Becker (1968), 151 Mont. 513, 445 P.2d 745, the Workers' Compensation Court order is effective to dismiss these counts of claimant's petition. In Mondakota this Court addressed an argument similar to the one raised in the case at bar: whether the findings of fact and conclusions of law were specific enough to comply with Rule 41(b) M.R.Civ.P. There, under the particular circumstances of that case, this Court upheld the sufficiency of the district court finding that "no cause of action exists or has been proven" in meeting the finding requirement of Rule 41(b), M.R.Civ.P. Secondly, the Mondakota Court upheld the sufficiency of the lower court's conclusion of law that; "it is therefore ordered, adjudged and decreed that said cause be and the same is hereby dismissed and the plaintiff take nothing thereby." Supra, 151 Mont. at 517, 445 P.2d at 748.

In Holloway v. University of Montana (1978), 178 Mont. 198, 582 P.2d 1265, this Court discussed what types of facts are sufficient to meet the finding requirement of Rule 41(b):

11

> "Findings should be limited to the
> ultimate facts and if they ascertain
> ultimate facts, and sufficiently conform
> to the pleadings and the evidence to
> support the judgment, they will be
> regarded as sufficient, though not as
> full and complete as might be desired."
> Supra, 178 Mont. at 203, 582 P.2d at
> 1268, citing Pearson v. Pearson (Utah
> 1977), 561 P.2d 1080.

Here we find that the Workers' Compensation Court's Conclusion no. 3, quoted above meets the test set forth in Mondakota, supra and Holloway, supra, for findings of fact. It fairly conforms to and addresses the allegations contained in claimant's petition. Although denominated a "conclusion of law" the statement made by the court is more of a finding of fact. The mere fact that it is improperly denominated is not dispositive. Since the requirement for findings and conclusions in Rule 41(b), M.R.Civ.P., is primarily to serve a notice function for the purposes of res judicata, estoppel, and appeal, the proper inquiry insofar as the sufficiency of the lower court's order is to determine whether within the body of that order the requisite elements are met.

At the hearing both parties presented evidence and made arguments on these issues. The whole order, fairly read, addresses and settles those issues. It is not proper to require an administrative tribunal to strictly conform to technical requirements of the rules of practice. The Workers' Compensation Court did its job; it heard and fairly considered the issues raised and evidence presented, and did not clearly avoid deciding the former.

The lower court's Conclusion no. 6 as well as Finding no. 14, for the reasons stated above, meet the Mondakota requirement for conclusions of law. Finally, we note an order dismissing an action "with prejudice" acts as a judgment on the merits. Kelly v. Harris (D.C.Mont. 1958),

12

158 F.Supp. 243. Claimant does not allege an insufficiency of evidence in this regard and therefore we find that the Workers' Compensation Court's order in this case acted as a judgment against claimant on the merits of his petition.

The order of the Workers' Compensation Court is hereby affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____
Justices

13