*504 MR. JUSTICE MORRISON
delivered the Opinion of the Court.
Claimant, Richard A. Cole, appeals the May 10, 1985, order of the Workers’ Compensation Court dismissing his petition for an emergency hearing on the issue of whether claimant’s biweekly benefit payments should have been reinstated. We affirm the order of the court.
Cole was a bus driver for Greyhound. In 1978, he injured his back and leg while attempting to lift a bag from the cargo hold of a bus. Cole filed a Workers’ Compensation claim. In its order of May 11, 1983, the Workers’ Compensation Court declared Cole permanently totally disabled. The court further ordered that the parties attempt to agree on Cole’s life expectancy, and the amount of an annuity which would reduce Cole’s benefits to present value. If the annuity was over $48,500, Greyhound was ordered to pay it in a lump sum to enable Cole to invest in a business offering a reasonable likelihood of success. If the annuity was less than $48,500, Greyhound was to pay biweekly benefits.
On June 2, 1983, Cole requested a rehearing challenging the court’s determination that his biweekly permanent total disability benefits must be reduced to present value when converted to a lump sum. The court denied Cole’s request for a hearing on June 9, 1983. The parties agreed that Cole’s life expectancy was 24 years and agreed to a payment. Cole was paid a lump sum of $60,170.69. He signed a satisfaction of judgment on July 14, 1983. The case was not appealed.
On November 1, 1984, this Court decided Willis v. Long Construction Co. (Mont. 1984), [213 Mont. 203,] 690 P.2d 434, 41 St.Rep. 2050. In Willis, we held that a lump-sum award of Workers’ Compensation benefits cannot be discounted to present value. On November 30, 1984, Cole filed a petition for an emergency hearing to require Greyhound to reinstitute biweekly benefit payments on the basis of this Court’s decision in Willis. On May 10, 1985, the Workers’ Compensation Court dismissed Cole’s petition in an order grounded on res judicata.
The issue on appeal is whether the doctrine of res judicata bars Cole from relitigating his lump-sum award based upon a subsequent change in the law regarding lump-sum awards.
Res judicata is a judicially-created doctrine which literally means a matter adjudged. A “final judgment rendered upon the merits, without fraud or collusion, by a court of competent jurisdic *505 tion, is conclusive of causes of action and of facts or issues thereby litigated.” 46 Am.Jur.2d Judgments Section 394 (1969). We have stated that res judicata is applied to uphold the generally recognized public policy that there must be some end to litigation. Wellman v. Wellman (1982), 198 Mont. 42, 46, 643 P.2d 573, 576. While Workers’ Compensation actions serve a different social policy than other civil litigation, that of providing benefits, there is still a need for finality. Moen v. Peter Kiewit & Sons’ Co. (1982), 201 Mont. 425, 436, 655 P.2d 482, 487. It follows that res judicata applies to decisions of the Workers’ Compensation Court.
Several exceptions to the doctrine of res judicata have been codified in the Restatement (Second) of Judgments Section 28 (1982). Appellant argues that because of our decision in Willis, supra, the second of those exceptions should be applied to this case.
That exception is set forth as follows:
“Section 28. Exceptions to the General Rule of Issue Preclusion. Although an issue is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, relitigation of the issue in a subsequent action between the parties is not precluded in the following circumstances:
“(2) The issue is one of law . . . (b) a new determination is warranted in order to take account of an intervening change in the applicable legal context or otherwise to avoid inequitable administration of the laws . . .”
The Restatement suggests that relitigation of a previously resolved issue in a subsequent action is warranted when the law changes between the original and subsequent action.
The authors of the Restatement at page 278 provide the following example to illustrate the intended application of Section 28 (2)(b) of the Restatement (Second) of Judgments.
“4. A, a non-profit organization, brings an action against B, the tax commissioner, for a refund of property taxes on the ground that it is exempt as a charity. The court gives judgment for B, adopting a narrow definition of the charitable exemption. Shortly after, a higher court of the same jurisdiction grants a property tax refund to C, an organization quite similar to A, and in doing so formulates a much broader definition of the exemption. In a subsequent action by A against B for a refund of property taxes paid for the following year, A is not precluded from asserting that it is entitled to the charitable exemption. It does not matter that the nature of A’s activities has not changed since the first action.”
*506 The tax payer in the example did not seek to change his adverse result based upon the new holding. Instead, he sought to apply the new interpretation to a subsequent tax year. This is the kind of result effected by Restatement Section 28(2) (b).
We refuse to apply the exception stated in Section 28(2) of the Restatement to the case presently before us. No “subsequent action” has been filed. The doctrine of res judicata bars the reopening of claimant’s original case. The litigation has ended. An award has been paid and an acknowledgment of satisfaction of judgment has been signed. The parties are entitled to a final judgment.
According to Wheeler v. Carlson Transport (Mont. 1985), [217 Mont. 254,] 704 P.2d 49, 42 St.Rep. 1177, a final judgment of the Workers’ Compensation Court can only be reopened upon one of two conditions: 1) the benefits may be changed, reviewed, diminished or increased only when “the disability of the claimant has changed.” Section 39-71-2909, MCA; and 2) a decision may be vacated and a new trial granted when the applicant’s rights are materially affected by newly discovered evidence which could not, with reasonable diligence, have been discovered in time for the trial. Section 25-11-102(4), MCA. Claimant fails to allege the existence of either of these conditions.
For the reasons set forth above, the decision of the trial judge is affirmed.
MR. CHIEF JUSTICE TURNAGE and MR. JUSTICES HARRISON, GULBRANDSON and WEBER concur.