No. 86-260
IN THE SUPREME COURT OF THE STATE OF MONTANA

HANS WEGMULLER,

        Claimant and Appellant,

   -vs-

L.E. MYERS COMPANY, Employer,

    and

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH,

        Defendant and Respondent.

APPEAL FROM: The Workers' Compensation Court, The Honorable
Timothy Reardon, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Keefer, Roybal, Hanson, Stacey & Jarussi; Gene R.
        Jarussi, Billings, Montana

    For Respondent:

        James G. Edmiston, Billings, Montana

Submitted on Briefs: Sept. 4, 1986

Decided: November 13, 1986

Filed: NOV 13 1986

_____
Clerk

Mr. Justice Frank B. Morrison, Jr. delivered the Opinion of the Court.

Claimant, Hans Wegmuller, appeals the May 9, 1986, decision of the Workers' Compensation Court holding that the doctrine of res judicata bars claimant from reopening the final judgment in his cause before that court. We affirm the order of the lower court.

Claimant injured his back while working as a supervisory foreman for the L. E. Myers Co. In claimant's original action seeking Workers' Compensation benefits, the parties had stipulated that given the claimant's age and permanent total benefit rate, the present value of his future permanent total benefits would be $94,883. The Workers' Compensation Judge was asked to determine two issues:

1) Was the claimant permanently totally disabled or permanently partially disabled?

2. Was the claimant entitled to receive benefits in a lump-sum?

After a hearing, the Workers' Compensation Judge found claimant to be permanently totally disabled and entitled to a lump-sum payment of his benefits. Employer's insurer, National Union Fire Insurance of Pittsburgh, paid claimant his lump-sum award less previous advances. Although no satisfaction of judgment was ever filed by claimant, it is undisputed that the award was paid.

Subsequently, Willis v. Long Construction Co. (Mont. 1984), 690 P.2d 434, 41 St.Rep. 2050, was issued by this Court, holding that a lump-sum award of Workers' Compensation benefits could not be discounted to present value. Claimant then sought, by petition filed February 28, 1985, to reinstate his bi-weekly benefit payments.

2

Another Workers' Compensation claimant, Richard A. Cole, had filed a similar action prior to Wegmuller's. The Workers' Compensation Judge dismissed Cole's petition in an order grounded on res judicata. We affirmed the lower court's judgment in Cole v. Greyhound Lines, Inc. (Mont. 1986), 716 P.2d 611, 43 St.Rep. 562. Immediately after Cole, was issued, the Workers' Compensation Judge, citing Cole, denied Wegmuller's petition also.

On appeal, claimant presents this Court with one issue:

Did the Workers' Compensation Court err in applying the doctrine of res judicata and refusing claimant's request for reinstatement of bi-weekly benefits for permanent total disability?

We find no error.

Claimant seeks to distinguish Cole. In Cole, the precise issue of whether claimant's benefit should be discounted to present value was raised by the parties. In the instant case, the parties merely stipulated to the value of claimant's lump-sum award, assuming discounting applied. Thus, alleges claimant, the lower court never resolved the issue of whether the payment should be discounted and res judicata does not apply.

However, the issue of whether the award should have been discounted was not treated by the Workers' Compensation Court because it was not raised by claimant. Claimant's case, as presented to the lower court, was fully litigated and decided. Claimant's stipulation with respect to his lump-sum award became part of the judgment. The judgment was not appealed to this Court. As in Cole, "[t]he litigation has ended. An award has been paid . . . The parties are entitled to a final judgment." Cole, 716 P.2d at 613, 43 St.Rep. at 564.

3

Finally,

> According to Wheeler v. Carlson Transport (Mont. 1985), 704 P.2d 49, 42 St.Rep. 1177, a final judgment of the Workers' Compensation Court can only be reopened upon one of two conditions: 1) the benefits may be changed, reviewed, diminished or increased only when "the disability of the claimant has changed." Section 39-71-2909, MCA; and 2) a decision may be vacated and a new trial granted when the applicant's rights are materially affected by newly discovered evidence which could not, with reasonable diligence, have been discovered in time for the trial. Section 25-11-102(4), MCA.

Cole, 716 P.2d at 613, 43 St.Rep. at 564-565. Claimant has failed to allege the existence of either of these criteria.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

4